```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
              CASE NO. 00-6136 CR-FERGUSON
                       18 USC § 545
                       42 USC §7413(c)(1)    MAGISTRATE JUDGE
                       42 USC § 7671c              SNOW
                       18 USC § 371
                       18 USC § 2
```

UNITED STATES OF AMERICA     )
                             )
v.                           )
                             )
BERT A. AMMONS               )
     and                     )
HUGH ROBINSON, a/k/a         )
ALEXANDER MACAULAY,          )
_____)

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**
(UNLAWFUL IMPORTATION OF GOODS - SMUGGLING)

**BACKGROUND**

1. Importation of ozone depleting chemicals (ODCs) into the United States is highly regulated as a result of an agreement known as the Montreal Protocol on Substances that Deplete the Ozone Layer, a Protocol to the Vienna Convention for the Protection of the Ozone Layer (TIAS 11097), an international treaty to which the United States is a party. The Montreal Protocol is implemented in the United States by the Clean Air Act, Title 42, Unites States Code, Section 7671 et seq., and the Stratospheric Ozone Protection Regulations promulgated by the Environmental Protection Agency in Title 40, Code of Federal



Regulations, Part 82.

2. A refrigerant gas often used in automobile air conditioners, dichlorodifluoromethane, also known as "CFC-12" or "R-12" and sometimes referred to by one of its trade names, "Freon"®, is an ODC defined as a "Class I controlled substance" for purposes of the stratospheric ozone control program. Title 42, United States Code, Sections 7671(3) and 7671a(a).

3. The regulations prescribed by the Environmental Protection Agency (EPA) in Title 40, Code of Federal Regulations, required that all importation or manufacture of ODCs be phased out in the United States as of January 1, 1996, subject to limited, specified exceptions.

4. At all times relevant to this Indictment, the term "control period" was defined to mean each twelve-month calendar period from January 1 through December 31, beginning January 1, 1992 and thereafter. Title 40, Code of Federal Regulations, Section 82.3.

5. EPA maintains detailed records of all companies and individuals who possess or are granted legal authority to import or manufacture in the United State any Class 1 ODCs pursuant to the exceptions embodied in the statutory and regulatory control system. At no time material hereto did either of the defendants, AMMONS and MACAULAY, hold or possess authorization from the EPA to import ODCs into the United States pursuant to the exceptions in the Clean Air Act.

6. The Clean Air Act Amendments of 1990 imposed

2

significant environmental excise taxes on ODCs imported for consumption and use in the United States.  This was done in order to promote decreased reliance on ODCs and the development of alternative substances less damaging to the environment. The tax is due from an importer upon first sale or use of the ODCs in the United States. The tax is due to the IRS on a quarterly basis.

7.  During the year 2000 control period, the tax is $7.60 per pound ($228.0 per standard thirty pound CFC-12 cylinder). Title 26, United States Code, Section 4681(b).

8.  On or about May 4, 2000, at Ft. Lauderdale, Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**BERT A. AMMONS**
and
**HUGH ROBINSON, a/k/a**
**ALEXANDER MACAULAY,**

did knowingly import, and cause to be imported, merchandise into the United States, to wit:  a total of approximately ninety (90) thirty-pound cylinders of CFC-12, contrary to law, that is: Title 42, United States Code, Sections 7413(c)(1) and 7671c, and Title 40, Code of Federal Regulations, Section 82.4(b); all in violation of Title 18, United States Code, Sections 545 and 2.

**COUNT TWO**
(CLEAN AIR ACT)

1.  Paragraphs 1 through 7 of Count One are realleged as if set forth in their entirety herein.

2.  On or about May 4, 2000, at Fort Lauderdale, Broward

3

County, in the Southern District of Florida and elsewhere, the defendants,

**BERT A. AMMONS**
and
**HUGH ROBINSON, a/k/a**
**ALEXANDER MACAULAY,**

did knowingly violate and cause to be violated a requirement and rule relating to stratospheric ozone protection by importing, and causing to be imported into the United States a Class I controlled substance, to wit: approximately ninety (90) thirty pound cylinders of CFC-12, during a control period, in violation of Title 42, United States Code, Sections 7413(c)(1) and 7671c, Title 18, United States Code, Section 2, and Title 40, Code of Federal Regulations, Section 82.4(b).

### COUNT THREE
(CONSPIRACY)

1. Paragraphs 1 through 7 of Count One are realleged as if set forth in their entirety herein.

2. From on or about an unknown date, but at least as early as May 1, 2000 and continuing through on or about May 4, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**BERT A. AMMONS**
and
**HUGH ROBINSON, a/k/a**
**ALEXANDER MACAULAY,**

and others unknown to the grand jury, did knowingly, willfully, and unlawfully, combine, conspire, confederate and agree with

each other and with persons unknown:

(a) to knowingly import and cause to be imported into the United States a Class I controlled substance, that is, quantities of CFC-12, during a control period, in violation of: Title 42, United States Code, Sections 7413(c)(1) and 7671c; and Title 40, Code of Federal Regulations, Section 82.4(b);

(b) to knowingly import and cause to be imported into the United States, merchandise, that is, quantities of CFC-12, contrary to law, that is: Title 42, United States Code, Sections 7413(c)(1) and 7671c and Title 40, Code of Federal Regulations, Section 82.4(b); all in violation of Title 18, United States Code, Sections 545 and 2.

**PURPOSE AND OBJECTS OF THE CONSPIRACY**

3. It was the purpose and object of the conspiracy to cause the unlawful importation of CFC-12 for sale in the domestic commerce of the United States without legal authority. This was accomplished by acquiring CFC-12 in the Commonwealth of the Bahamas and transporting it to the United States by vessel without declaring the ODCs to the United States Customs Service or acquiring approval from the EPA for the entry of the ODCs. It was further the purpose and object of the conspiracy for defendants to sell the imported CFC-12 within the United States, without the ODC excise tax being paid thereon; and to defraud the Treasury Department and IRS out of the excise taxes due on the domestic sale of the CFC-12 by failing to report the importation and sale as required by law.

**OVERT ACTS**

4.  In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed or caused to be committed by one or more members of the conspiracy, in Broward County, in the Southern District of Florida and elsewhere:

a.  On or about May 1, 2000, at Taylor Industries, Nassau, Bahamas, defendant ROBINSON purchased approximately forty cylinders of "Freon 12 30LB CYLIND" with a unit price of $96.00, for a total price, after a discount, of $1,152.00;

b.  On or about May 3, 2000, the defendants AMMONS and ROBINSON departed Bahamian waters for the United States;

c.  On or about 2:00 AM on May 4, 2000, the defendants, AMMONS and ROBINSON, while aboard a 41' Sea Ray named "SIERRA", entered the United States while carrying approximately ninety 30 pound cylinders of CFC-12 for sale and use in the United States.

d.  On or about the same time and place, the defendants AMMONS and ROBINSON operated the SIERRA during the hours of darkness without required running lights, in violation of Navigation Safety Regulations promulgated by the United States Coast Guard, in order to evade detection of their illegal activities.

All in violation of Title 18, United States Code, Section 371.

**COUNT FOUR**
(UNLAWFUL IMPORTATION OF GOODS - SMUGGLING)

1. Paragraphs 1 through 7 of Count One are realleged as if set forth in their entirety herein.

2. On or about March 10, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**BERT A. AMMONS,**

did knowingly import, and cause to be imported, merchandise into the United States, to wit:  a total of approximately thirty (30) thirty-pound cylinders of CFC-12, contrary to law, that is: Title 42, United States Code, Sections 7413(c)(1) and 7671c, and Title 40, Code of Federal Regulations, Section 82.4(b); all in violation of Title 18, United States Code, Sections 545 and 2.

**COUNT FIVE**
(CLEAN AIR ACT)

1. Paragraphs 1 through 7 of Count One are realleged as if set forth in their entirety herein.

2. On or about March 10, 2000, at Fort Lauderdale, Broward County, in the Southern District of Florida and elsewhere, the defendant,

**BERT A. AMMONS,**

did knowingly violate and cause to be violated a requirement and rule relating to stratospheric ozone protection by importing, and causing to be imported into the United States a Class I controlled substance, to wit: approximately thirty (30), thirty pound cylinders of CFC-12, during a control period, in violation

of Title 42, United States Code, Sections 7413(c)(1) and 7671c,
Title 18, United States Code, Section 2, and Title 40, Code of
Federal Regulations, Section 82.4(b).

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
THOMAS A. WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 00-6136

v.

**CERTIFICATE OF TRIAL ATTORNEY***

BERT A. AMMONS, and
HUGH ROBINSON,
a\k\a: Alexander Macaulay

**Superseding Case Information:**   MAGISTRATE JUDGE
SNOW

New Defendant(s)   Yes ___   No ___
Number of New Defendants   ___
Total number of counts   ___

**Court Division:** (Select One)

___ Miami   ___ Key West
X   FTL   ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No) __NO__
List language and/or dialect _____

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
(Check only one)           (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | ___ |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | X |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) __YES__
If yes:
Magistrate Case No.   __00-4101-BSS__
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No   If yes, was it pending in the Central Region? ___ Yes  X  No

Thomas Watts-FitzGerald
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0272538

*Penalty Sheet(s) attached   REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: __BERT A. AMMONS__    Case No: 00-6136

MAGISTRATE JUDGE SNOW

Count #:1

18 USC § 545

*Max. Penalty: Five years

Count #: 2

42 USC §7671(c)

*Max. Penalty: Five years

Count #: 3

18 USC §371

*Max. Penalty: Five years

Count #: 4

18 USC § 545

Max. Penalty: Five years

Count #: 5

18 USC §7671(c)

Max. Penalty: Five years

Count #:

*Max. Penalty:

Count #

Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __HUGH ROBINSON, a/k/a:__
Alexander Macaulay

Case No: 00 - 6136

MAGISTRATE JUDGE SNOW

Count #:1

18 USC § 545

*Max. Penalty: Five years

Count #: 2

42 USC §7671(c)

*Max. Penalty: Five years

Count #: 3

18 USC §371

*Max. Penalty: Five years
Count #:


Max. Penalty:
Count #:


Max. Penalty:
Count #:


*Max. Penalty:
Count #


Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96