TWF:fehp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6136-CR-FERGUSON

UNITED STATES OF AMERICA    )
                            )
                            )
v.                          )
                            )
HUGH ROBINSON,              )
a/k/a: Alexander Macaulay,  )
                            )
     Defendant.             )
_____)

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A. 1. The government is unaware of any written or recorded statements made by the defendant other than a signed waiver of his 5th Amendment rights.

        2. The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: Robinson stated that he had procured the CFC-12 seized aboard the SIERRA by purchasing it in the Bahamas for about



$50 per 30 pound cylinder. He admitted he purchased it with the intent to import it into the United States with co-defendant AMMONS. He advised agents that AMMONS was in the refrigeration business and would sell the Freon to auto-parts stores in South Florida.

3. No defendant testified before the Grand Jury.

4. The NCIC records of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 400. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for May 30, 2000 at 2:00 P.M. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. No physical or mental examinations or scientific tests or experiments have been conducted in connection with this case to date.

A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of

2

|     | |
| --- | --- |
|     | guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). |
| D.  | The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). |
| E.  | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F.  | No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | CFC-12 contraband is involved in this indictment. |
|     | The government will, upon defense request, deliver a sufficient representative sample of the alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample. |

3

|     | |
| --- | --- |
|     | If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband may be destroyed or disposed of otherwise. Samples will be set aside to be used as evidence at trial. |
| L. | The government did not seize any automobile, vessel, or aircraft allegedly used in the commission of this offense. |
| M. | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N. | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P. | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the

4

government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

      Time: Evening hours
      Date: May 4, 2000
      Place: In the vicinity of the New River
            Ft. Lauderdale, FL

            Respectfully submitted,

            THOMAS E. SCOTT
            UNITED STATES ATTORNEY

By: _____
     Thomas Watts-Fitzgerald
     Assistant United States Attorney
     Florida Bar No. 0273538
     99 Northeast 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9413
     Fax: (305) 356-4651

cc: Special Agent Stephen Cole,
    USCS

5

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 24th day of May, 2000 to: **Max P. Engel, Esq.**, 901 N.W. 22nd Avenue, Miami, FL 33125-3342.

_____
Thomas Watts-FitzGerald
Assistant United States Attorney

6