TWF:fehp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6136-CR-FERGUSON

UNITED STATES OF AMERICA          )
                                  )
v.                                )
                                  )
BERT A. AMMONS and                )
HUGH ROBINSON,                    )
aka: Alexander MaCaulay,          )
                                  )
      Defendants.                 )
_____)

NIGHT BOX
FILED -

JUN 1 4 2000

CLARENCE MADDOX
CLERK, USD...

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the
Standing Discovery Order entered on June 1, 2000 with respect
to defendant Ammons.  This response also complies with Local
Rule 88.10 and Federal Rule of Criminal Procedure 16, and is
numbered to correspond with Local Rule 88.10.

    A.  1.  The government is unaware of any written or
             recorded statements made by the defendant
             Ammons.



2.   The following is the substance of an oral
     statement made by the defendant before or after
     arrest in response to interrogation by any
     person then known to the defendant to be a
     government agent which the government intends
     to use at trial: Ammons claimed the CFC-12 was
     the property of his co-defendant, whom Ammons
     had known for six months. He claimed that
     MaCaulay had hired Ammons to pilot the boat
     from the Bahamas to the United States and that
     although he saw the cylinders of CFC when he
     arrived at the boat, he had nothing to do with
     them.    He further claimed that he had never
     done this before, had no connections to sell
     the   freon,   but   that   McCauley   had   the
     connections and had described how easy it was
     to make money at this

3.   No defendant testified before the Grand Jury.

4.   The NCIC record of the defendant AMMONS, if any
     exists, will be made available upon receipt by
     this office.

5.   Books, papers, documents, photographs, tangible
     objects,   buildings   or   places   which   the
     government intends to use as evidence at trial
     to prove its case in chief, or were obtained or
     belonging to the defendant may be inspected at
     a mutually convenient time at the Office of the
     United   States   Attorney,   99   Northeast   4th
     Street,   Miami,   Florida,   Suite   400.   The
     undersigned will tentatively set June 27, 2000
     at   1:00   P.M.   for   the   Discovery   Conference
     mandated by the Order in this case. Please call
     the undersigned within 48 hours if you do not
     intend to review the evidence at this date and
     time.

2

6. No physical or mental examinations or scientific tests or experiments have been conducted in connection with this case to date.

A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No Defendant was identified in a lineup, show up, photo spread or similar identification proceeding.

3

G.        The government has advised its agents and officers involved in this case to preserve all rough notes.

H.        The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.        The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.        The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.        CFC-12 contraband is involved in this indictment.

The government will, upon defense request, deliver a sufficient representative sample of the alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband may be destroyed or disposed of otherwise. Samples will be set aside to be used as evidence at trial.

L.      The government did not seize any automobile,
        vessel, or aircraft allegedly used in the
        commission of this offense.

M.      The government is not aware of any latent
        fingerprints or palm prints which have been
        identified by a government expert as those of
        the defendant.

N.      To date, the government has not received a
        request for disclosure of the subject-matter of
        expert testimony that the government reasonably
        expects to offer at trial.

O       The government will make every possible effort
        in good faith to stipulate to all facts or
        points of law the truth and existence of which
        is not contested and the early resolution of
        which will expedite trial.  These stipulations
        will be discussed at the discovery conference.

P.      At the discovery conference scheduled in
        Section A.5, above, the government will seek
        written stipulations to agreed facts in this
        case, to be signed by the defendant and defense
        counsel.

        The government is aware of its continuing duty to
disclose such newly discovered additional information required
by the Standing Discovery Order, Rule 16(c) of the Federal
Rules of Criminal Procedure, Brady, Giglio, Napue, and the
obligation to assure a fair trial.

        In addition to the request made above by the government
pursuant to both Section B of the Standing Discovery Order and
Rule 16(b) of the Federal Rules of Criminal Procedure, in
accordance with Rule 12.1 of the Federal Rules of Criminal
Procedure, the

government hereby demands Notice of Alibi defense; the
approximate time, date, and place of the offense was:

        Time:  Evening and nighttime hours.
        Date: (1)May 4, 2000 and (2) March 10, 2000.
        Place:(1)In the vicinity of the New River,
              Ft. Lauderdale, FL.
          (2)Hurricane Harbor,
            Ft. Lauderdale, FL.

                           Respectfully submitted,

                           GUY A. LEWIS
                           UNITED STATES ATTORNEY

By:

                           Thomas Watts-FitzGerald
                           Assistant United States Attorney
                           Florida Bar No. 0273538
                           99 Northeast 4th Street
                           Miami, Florida 33132-2111
                           Tel: (305) 961-9413
                           Fax: (305) 356-4651

cc: Special Agent Stephen Cole,
    USCS

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 14th day of June, 2000 to: **Philip R. Horowitz, Esq.,** 12651 S. Dixie Highway, Ste. 328, Miami, FL 33155 and **Max P. Engel, Esq.,** 901 NW 22nd Avenue, Miami, FL 33125-3342.

Thomas Watts-FitzGerald
Assistant U.S. Attorney