## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6136-CR-FERGUSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| HUGH HAMILTON ROBINSON | ) |
| _____ | ) |

### GOVERNMENT'S OPPOSITION
### TO MOTION TO PERMIT DEFENDANT TO TRAVEL

The United States of America hereby responds to Defendant Hugh H. Robinson's Motion To Permit Defendant To Travel To His Home And Employment In Nassau, Bahamas, and in response thereto would show:

1. Defendant stands adjudicated guilty on his plea to engaging in a conspiracy to introduce the restricted chemical substance CFC-12 into the United States. Defendant's sentencing is currently set for September 15, 2000.

2. On July 14, 2000, at the time of entry of his plea of guilty, Defendant was enlarged upon an agreed bond of $75,000 with a 10% pay-in to the registry of the Court, plus a $75,000 personal surety bond, co-signed by his mother and another individual.

1

3. Defendant is a dual-national of the United States and the Republic of Ireland. Although his active passports were taken into custody by authorities at the time of his arrest, the Court is undoubtedly aware that a passport is not a requirement for travel between the United States and the Commonwealth of the Bahamas.

4. In fact, due to his Irish citizenship, it is likely Defendant could secure valid travel documents, once outside the United States, and freely travel throughout the United Kingdom and it's affiliated Commonwealths.

5. Defendant alleges that he and unspecified partners are engaged in business development in Nassau, Bahamas and asserts that this is his sole means of earning a living. However, prior representations by Defendant suggested his intention to purchase property in the South Florida area.

6. It is interesting to note that the "Permit To Reside," which Defendant now offers the Court as indicia of his activities in the Bahamas, was issued under a different identity, to wit: Alexander Macaulay, with a ""File No." indicating his Irish nationality. Further, that permit does not allow the holder to "engage in any gainful occupation," requires the holder to "be in possession of a valid passport," and was valid only through March 15, 2000, a period which clearly has expired. Indeed, that Permit To Reside had expired prior to May 4, 2000, the date on which Defendant Robinson and his co-defendant Ammons were intercepted with a smuggled load of CFC-12 in the Ft. Lauderdale area.

7. The United States sees little in a xeroxed brochure and an outdated Permit to Reside which would warrant removal of the travel restrictions imposed by the Court at the time of granting bond to Defendant.

### CONCLUSION

Based on the foregoing, the United States would respectfully submit that the bond currently in force, including travel restrictions to the Southern District of Florida, should be maintained in full force and effect pending Defendant's sentencing in approximately 45 days.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Thomas Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538
Tel. (305) 961-9413

3

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a true and correct copy of the foregoing was furnished by U.S. Mail this 27th day of July, 2000, to: **Jeffrey M. Voluck, P.A.,** 440 So. Andrews Avenue, Ft. Lauderdale, FL 33132.

THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY