UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6136-CR-FERGUSON

UNITED STATES OF AMERICA,

Plaintiff,

v.

HUGH ROBINSON a/k/a
Alexander Macaulay,

Defendant.

_____/



FILED by ___ D.C.

JAN 1 1 2001

CLARENCE MADDOX
CLE  U S. DIST. CT.
S.D  Of  FLA. FT. LAUD.

## ORDER DENYING BOND PENDING APPEAL

THIS CAUSE is before the Court on remand from the Court of Appeals with directions to state reasons for the order denying bond pending appeal. As a transcript has not yet been prepared this Court must rely on the presentence report (PSR) and its recollection of matters presented at the sentencing hearing.

On July 14, 2000, the defendant (and subsequently his co-conspirator) pled guilty to a scheme to illegally smuggle a boatload of dicholorodifluoromethane gas (freon) into the United States. He was permitted to remain at liberty pending the sentencing scheduled for September 15, 2000. A PSR was delivered to the parties on or about September 1, 2000. On September 15, 2000, the defendant was sentenced to six (6) months imprisonment. Surrender was stayed to November 13, 2000.

The defendant has not demonstrated that the appeal from the sentence raises a substantial question of fact or law. His criminal History Computation places him in a category III based on four



criminal history points and an additional two (2) points because the offense was committed while he was on probation. With an adjusted offense level of nine (9) the guideline sentencing range was 8-14 months. It is not clear why the sentence imposed was only 6 months. In order to reach a six-month sentence the Court must have (a) eliminated three(3) points from the criminal history calculation and sentenced at the low end, or (b) departed downward by one level and sentenced at the low end. By either account the defendant has already had the benefit of magnanimous leniency. He was expected to complete a much-needed drug treatment program during the period of incarceration.

Paragraph 9 of the Appellant's Motion For Review Of The District Court's Denial Of Bond Pending Appeal all but admits that the appeal is for the purpose of delay. There the appellant argues that "it is not possible for counsel to make a fully developed presentation on the questions of law or fact likely to result in either a stay or a new sentencing hearing with time to prepare." Further, it is suggested, in the final sentence of the paragraph, that a substantial issue should be inferred from the fact that counsel had only two (2) weeks to prepare for the sentencing hearing. No authority is cited for the proposition.

This Court is aware of no recognized right of a defendant, who has pled guilty and been sentenced at the low end of the guidelines, to remain at liberty while his appellate counsel rakes the record in search of grounds for a downward departure. For the reason that the defendant has not raised a question regarding the legality of the sentence that could be fairly deemed "substantial," as

Case No.  00-6136-CR-FERGUSON

is required by 18 U.S.C. § 3143(b)(1), the motion for bond pending appeal is **DENIED.**

**DONE and ORDERED** in Chambers at Ft. Lauderdale, Florida, this 11th day of January,

2001.

WILKIE D.  FERGUSON, JR.
UNITED STATES DISTRICT COURT

copies provided:
Hugh Robinson, pro se
Tom Fitzgerald, AUSA

-3-